FILED
Mar 02, 2020
10:33 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| JESUS HERRERA, | ) | Docket Nos.: 2019-05-0765 |
| **Employee,** | ) | 2019-05-0764 |
| v. | ) | |
| | ) | |
| PEDRO LUNA, | ) | State File Nos. 49239-2019 |
| And | ) | 47819-2019 |
| TURCIOS MASONRY, | ) | |
| **Employers,** | ) | |
| And | ) | |
| | ) | |
| BUSINESSFIRST INS. CO., | ) | Judge Dale Tipps |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This case came before the Court on February 26, 2020, for an Expedited Hearing on whether Mr. Herrera is entitled to temporary disability benefits.[1]  For the reasons below, the Court finds Mr. Herrera is unlikely to succeed at a hearing on the merits and holds he is not entitled to benefits at this time.

### History of Claim

On May 27, 2019, Mr. Herrera was working for Mr. Luna, a subcontractor for Turcios Masonry, when he fell from a cement mixer.  He went to the emergency room, where records show the doctors diagnosed a left-side rib fracture and other contusions. They discharged him with a Lortab prescription and an incentive spirometer.  Because x-rays also disclosed a mass in Mr. Herrera's left lung, the doctors told him to follow up with his own physicians for additional diagnostic studies, including a probable biopsy.

---

[1] Mr. Herrera filed two Petitions for Benefit Determination, one against each employer, based on the same injury.  The Mediator also issued separate Dispute Certification Notices for both claims.  Because these claims involve the same alleged injury, the Court finds it appropriate to consolidate them to promote judicial economy.

Mr. Herrera does not appear to have received additional treatment for his work injury until after he filed his Petitions for Benefit Determination (PBD). Because Mr. Luna's workers' compensation insurance had lapsed, the carrier for the general contractor, Turcios Masonry, paid Mr. Herrera's emergency room bills and provided a panel of physicians, from which he selected Concentra Urgent Care.

Dr. Frank Thomas saw Mr. Herrera at Concentra on September 10, 2019. He noted a healing left-side rib fracture and left lateral chest pain. Dr. Thomas also noted the mass in in the left lung and strongly advised Mr. Herrera to keep his scheduled medical appointment at Murfreesboro Medical Center. He stated that Mr. Herrera had reached maximum medical improvement from his injury and released him from care.

At the hearing, Mr. Herrera testified that he received treatment for lung cancer and tuberculosis over the next several months. He continues to have pain in his left side whenever he lifts anything, so he has not been able to work since the accident. Even if he had cancer or tuberculosis before the accident, he felt fine. Because he had no symptoms until he fell, he believes his fall is the cause of his symptoms, so he is entitled to temporary disability benefits.[2]

Turcios contended that Mr. Herrera is not entitled to temporary disability benefits because he failed to present evidence of any medical restrictions that would have prevented him from working.

### Findings of Fact and Conclusions of Law

Mr. Herrera must provide sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To receive temporary total disability benefits, Mr. Herrera must establish that (1) he became disabled from working due to a compensable injury; (2) a causal connection between his injury and his inability to work; and (3) his period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Temporary partial disability benefits are available when the temporary disability is not total. Specifically, TPD "refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum

---

[2] Mr. Herrera also requested payment of some of his medical bills. However, because medical treatment was not certified as an issue on the Dispute Certification Notices, the Court has no authority to address that issue at this time. *See* Tenn. Code Ann. § 50-6-236(d)(3)(A).

recovery." *Id*. An employee may receive TPD benefits when the treating physician returns him to work with restrictions but the employer either (1) cannot return the employee to work within those restrictions or (2) cannot provide restricted work that pays the employee's average weekly wage on the date of injury. *Id.* at *8.

Mr. Herrera presented no medical proof indicating that his physicians took him completely off work or assigned restrictions because of this injury. Without evidence that he was disabled or restricted from working, Mr. Herrera has not proven he is likely to succeed on a claim for temporary disability benefits.

 **IT IS, THEREFORE, ORDERED** as follows:

1.  Mr. Herrera's request for temporary disability benefits is denied at this time.

2.  This case is set for a Scheduling Hearing on May 12, 2020, at 9:00 a.m. You must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

**ENTERED MARCH 2, 2020.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1.  Affidavit of Jesus Herrera
2.  Choice of Physician form
3.  Notice of Controversy
4.  Medical records from Concentra and Williamson Medical Center

Technical record:
1.  Petitions for Benefit Determination
2.  Dispute Certification Notices
3.  Request for Expedited Hearing
4.  Employer's Notice of Filing and Witness List
5.  Employer's Witness List

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on March 2, 2020.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Jesus Herrera | X | | | 1009 Riviera Dr. Murfreesboro, TN 37130 |
| Pedro Luna | X | | | 2714 Murfreesboro Pike Lot 33 Antioch, TN 37013 |
| Amy Brown, Employer's Attorney | | | X | amy@petersonwhite.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*